FABRE v. CUNARD STEAMSHIP CO., Limited.

(Circuit Court of Appeals, Second Circuit.    October 31, 1892.)

No. 45.

CIRCUIT COURTS OF APPEALS—CERTIFYING QUESTIONS TO SUPREME COURT.

Certification cannot be granted where no new or difficult questions of law are presented, and the mixed issues of law and fact could be reviewed satisfactorily only on examination of the entire record.

Appeal from the District Court of the United States for the Eastern District of New York.

Motions by appellee for reargument, or for certification of certain questions to the supreme court of the United States for instructions, and by appellant for reargument. Motion of appellee denied, and decree modified on appellant's motion.

For report of the decision on the appeal, see 3 C. C. A. 534, 53 Fed. 288.

The questions upon which appellee asked a reargument or a certification to the supreme court were as follows:

First. Whether the amendment to the collision rules, proposed by the international marine conference of 1889, which is contained in the last clause of article 16, as proposed by that conference, (International Marine Conference 1889, vol. 3, pp. 56, 63,) is a declaration of the law as it previously existed, or is a new rule proposed which has not yet become law.

Second. Whether it is the law that when a steam vessel, navigating at her lowest rate of speed in a fog, hears the whistle of another steamer forward on either bow, it is her duty to "proceed circumspectly," or whether it is her duty to stop in all cases.

Third. Whether it is the duty of the navigator of a steamship, under such circumstances, to act in accordance with good seamanship, or whether there is any other rule or duty for him, and, if so, what?

Fourth. Whether a court can lawfully decide that the navigator of a steam vessel has acted otherwise than with good seamanship in pursuing a course of action which would have avoided collision, if an assumption as to the conduct of an approaching vessel (which assumption he had the right to make, and upon which assumption he acted) had not proved, in fact, to be erroneous, by reason of wrongful and reckless navigation of such other vessel.

Fifth. Whether, on the facts found in the opinion of the court, viz. that the Umbria was navigating wrongfully in a fog at a speed of 19½ knots an hour, that she came in view of the Iberia at a distance of about 900 feet, bearing about five points on the Iberia's port hand, and that she struck the Iberia so near the stern that, if the Umbria had been navigating at a moderate speed, there would have been no collision, it must not be held, as matter of law, that the cause of the collision was the wrongful speed of the Umbria, and that the fact that the Iberia had not, previous to the Umbria's coming in sight, stopped, was not contributory to a collision.

Sixth. Whether the master of the Iberia, hearing the Umbria's whistle two points on his port bow, and porting two points, and hearing thereafter four or five whistles from the Umbria at an interval of not more than a minute apart, so changing their bearing to port that, when the Umbria was seen, she bore about five points on the port hand, and assuming, as he had a right to do, that the Umbria was going at a moderate rate of speed, and would therefore pass under his stern, (which the Umbria would have done if she had been going at a moderate rate of speed,) and having already passed two steamers in safety in the same manner, was required by any rule of law or of good seamanship to pursue, not the same course, but a different one, after he heard the Umbria's whistle, from that which he had pursued with safety before.

Seventh. Whether the rule of damages is, as stated in the opinion of the court, "limiting the recovery to the value and the interest from the time of loss, unless there is a loss of freight which would otherwise have been earned upon the particular voyage in which the vessel is lost;" or whether the following should not be added: "or upon a contract, the performance of which had been entered upon at the time of the loss."

The question upon which appellant asked a reargument was as follows:

As to whether or not the appellant's exception to the allowance of the claims of seamen, amounting to two thousand eight hundred and five francs and twenty-five centimes, should not be sustained, and said claims be disallowed on the ground that said claims were not proved, and for such other relief as the appellant may be entitled to receive.

Frank D. Sturges, for appellant.
Robert D. Benedict, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. However desirable it might be that a review of this case be had in the supreme court, in view of the fact that the four judges who heard it at circuit and in this court are divided in opinion, we cannot see that it is a proper case for the certification to that court of specific questions or propositions of law. No new or difficult questions of that character are presented, and the mixed issues of law and fact could only be reviewed satisfactorily upon an examination of the entire record.

The amount allowed by the commissioner, and approved by the district court, (f2,805. 25c.,) for lost effects of seamen of the Iberia, should be reduced in the amount of f2,365. 25c. by reason of insufficiency of proof. As to the residue, (f540.,) though there is the same lack of evidence, we do not find a proper exception to the allowance.